IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Action

| | |
|---|---|
| MOHAMED AHMED, | ) |
|     Plaintiff, | ) Case No. 2025-CAB-003160 |
| | ) Civil Division, Calendar 14 |
| v. | ) Judge Tanya Jones Bosier |
| | ) Next Scheduled Event: |
| TK ELEVATOR CORPORATION, et al. | ) Initial Status Conference: 8/15/2025 |
|     Defendants. | ) |

<u>ANSWER OF DEFENDANT TK ELEVATOR CORPORATION</u>

Defendant TK Elevator Corporation (hereinafter referred to as "TKE"), by counsel, responds as follows as its Answer to the Plaintiff's Complaint filed herein:

FIRST DEFENSE

The Complaint fails to state a cause of action against TKE upon which relief may be based.

SECOND DEFENSE

As its Second Defense, TKE responds as follows to the specific enumerated paragraphs of the Plaintiff's Complaint:

"Parties"

1. TKE lacks sufficient information to either admit or deny the allegations of Paragraph 1, and neither admits nor denies the same, and calls for proof thereof.

2. TKE admits, upon information and belief, the allegations of Paragraph 2.

3. TKE admits that it is a business entity, and denies the remaining allegations of Paragraph 3.

"Jurisdiction"

4. The allegations of Paragraph 4 are impermissibly vague and ambiguous as phrased,

including with regard to any particular time that may be suggested or asserted by the allegations of Paragraph 4, and, thus, are not susceptible to an appropriate or precise response from TKE as phrased. TKE admits that it has performed periodic services at the Whole Foods location in question, but otherwise prays that the allegations of Paragraph 4 be taken as denied insofar as they pertain to TKE and calls for proof of the allegations of Paragraph 4.

5. The allegations of Paragraph 5 consist of conclusions of law and do not require a factual response from TKE.

"Statement of Facts"

6. TKE lacks sufficient information to either admit or deny the allegations of Paragraph 6, neither admits nor denies the same, and calls for proof thereof.

7. TKE admits, upon information and belief, the allegations of Paragraph 7.

8. TKE lacks sufficient information to either admit or deny the allegations of Paragraph 8, neither admits nor denies the same, and calls for proof thereof.

9. TKE lacks sufficient information to either admit or deny the allegation in Paragraph 9 that Plaintiff fell while stepping into the elevator and neither admits nor denies the same, and calls for proof thereof. TKE denies the remaining allegations of Paragraph 9 and calls for proof thereof.

10. TKE lacks sufficient information to either admit or deny the allegations of Paragraph 10, neither admits nor denies the same, and calls for proof thereof.

11. TKE lacks sufficient information to either admit or deny the allegations of Paragraph 11, neither admits nor denies the same, and calls for proof thereof.

12. The allegations of Paragraph 12 consist of conclusions of law and do not require a factual response from TKE. To the extent that the allegations of Paragraph 12 pertain to any party

or entity other than TKE, they do not require a response from TKE. To the extent that they pertain to TKE, TKE denies all such allegations of Paragraph 12. TKE further denies that Paragraph 12 accurately states, describes, or characterizes duties that TKE owed to Plaintiff.

13. To the extent that the allegations of Paragraph 13 pertain to any party or entity other than TKE, they do not require a response from TKE. To the extent that they pertain to TKE, TKE denies all such allegations of Paragraph 13.

14. TKE denies, upon information and belief, the allegations of Paragraph 14.

15. TKE denies, upon information and belief, the allegations of Paragraph 15.

16. Although this defendant denies that the plaintiff was injured in the manner and/or to the extent alleged by him, TKE otherwise lacks sufficient information to either admit or deny the allegations of Paragraph 16, prays that they be taken as denied and calls for proof thereof.

"Count I: Negligence"

17. In response to Paragraph 17, TKE incorporates its responses to Paragraphs 1 through 16 of the Complaint.

18. The allegations of Paragraph 18 consist of conclusions of law and do not require a factual response from TKE. To the extent that the allegations of Paragraph 18 pertain to any party or entity other than TKE, they do not require a response from TKE. To the extent that they pertain to TKE, TKE denies all such allegations of Paragraph 18. TKE further denies that Paragraph 18 accurately states, describes, or characterizes duties that TKE owed to Plaintiff.

19. The allegations of Paragraph 19 include conclusions of law that do not require a factual response from TKE. To the extent that the allegations of Paragraph 19 pertain to any party or entity other than TKE, they do not require a response from TKE. To the extent that the allegations of Paragraph 19 pertain to TKE or are material to claims against TKE, TKE denies all

such allegations of Paragraph 19. TKE further denies that Paragraph 19 accurately states, describes, or characterizes legal duties that TKE owed to Plaintiff, and further denies that Plaintiff was a business invitee of TKE as alleged and/or implied in Paragraph 19.

20. TKE denies, upon information and belief, the allegation in Paragraph 20 that no negligence on plaintiff's part contributed to the incident in question. As to the remaining allegations of Paragraph 20, although this defendant denies that the plaintiff was injured in the manner and/or to the extent alleged by him, TKE otherwise lacks sufficient information to either admit or deny the allegations of Paragraph 20, prays that they be taken as denied and calls for proof thereof.

### THIRD DEFENSE

TKE denies that the Plaintiff was injured or damaged in the manner and/or to the extent alleged, and demands proof of every element of damages claimed.

### FOURTH DEFENSE

TKE denies that it failed to use ordinary care, denies all allegations of negligence, and denies that it breached any duty whatsoever allegedly owing to the Plaintiff, and further denies that any alleged wrongful act or omission, or any breach of any duty of any sort by this Defendant, if proven, proximately caused and/or contributed to the alleged damages of the Plaintiff.

### FIFTH DEFENSE

TKE denies that it is indebted to the Plaintiff in the amount claimed or in any amount whatsoever, under any theory of recovery.

### SIXTH DEFENSE

Upon information and belief, the plaintiff's own negligence caused or contributed to his

alleged fall, and his own contributory negligence causing the incident and any damages he claims herein bars any recovery by him in this action.

### SEVENTH DEFENSE

While TKE lacks sufficient knowledge of the alleged occurrence and denies that it occurred in the manner described in the Complaint, to the extent supported by the facts, TKE reserves and will assert and rely on all available defenses and affirmative defenses whose applicability becomes known hereafter through discovery, investigation, at trial, or otherwise, including but not limited to the voluntary assumption of a known risk, a failure to mitigate damages, and that the alleged occurrence did not involve the condition of the elevator but was due to a cause or causes unrelated to the elevator.

### EIGHTH DEFENSE

TKE lacks knowledge of the alleged occurrence and/or of the injuries, damages and losses allegedly suffered by the Plaintiff, and therefore demands proof of every element of damages she claims in this matter.

### NINTH DEFENSE

While denying all negligence and/or liability under any theory on the part of TKE and/or its agents, TKE reserves the right to assert that the Plaintiff's alleged damages, if and to the extent proven, were caused by the intervening and/or supervening negligence and/or actions, conduct, behavior and/or decisions of others over which TKE had no control or right of control, and the Plaintiff's claims against TKE are barred.

### TENTH DEFENSE

The claims asserted in the Complaint against TKE, which sound in tort, are premised on alleged duties that TKE did not owe to the Plaintiff and to which, as a matter of law, TKE is not

subject. Without limitation, the duties on which Plaintiff relies in his claims against TKE arose only by virtue of a contractual arrangement with others involving the property of others, to which Plaintiff is not and was not a party. Such a contractual obligation does not create a tort duty. The Plaintiff's Complaint does not rest on or allege facts establishing any duty owed by TKE to Plaintiff having an independent basis other than contract. TKE is not liable in tort to Plaintiff for any alleged failure of TKE, if proven, to perform its contractual obligations owed to parties other than the Plaintiff, and/or for any alleged failure take actions concerning the property of the Co-Defendants that allegedly were required of TKE only pursuant to TKE's contractual arrangement with parties other than the Plaintiff.

## ELEVENTH DEFENSE

While TKE denies that the subject elevator was in a dangerous, hazardous, defective, or unsafe condition and/or that TKE had prior actual or constructive notice of any dangerous, hazardous, defective, or unsafe condition at the time of the alleged occurrence, TKE states that in the event any evidence should show any dangerous, hazardous, defective, or unsafe condition, or other occurrence involving the elevator in question, such condition or occurrence was not due to any negligence, breach of duty or wrongdoing on the part of TKE, and was/were solely due to conditions, acts and/or events caused by persons or entities other than TKE, or by forces or circumstances outside the control of TKE, and for which TKE is not responsible.

## TWELFTH DEFENSE

Although TKE provided certain contractual maintenance services regarding the elevator at issue, TKE did not own, manage, insure, operate, or control the elevator in question or the premises upon which it was operating at the time of Plaintiff's alleged occurrence, and did not have any legal relationship with the Plaintiff giving rise to any of the obligations upon which the

Plaintiff's tort claims rest, so the Plaintiff may not recover from TKE under the theories asserted in the Complaint or under any legal theory whatsoever.

### THIRTEENTH DEFENSE

TKE denies that it breached any legal duties, was negligent, was guilty of any tortious acts or omissions, violated any laws, breached any duties it owed to Plaintiff, and/or caused any damages to Plaintiff.

### FOURTEENTH DEFENSE

TKE denies all allegations which it has not specifically admitted and/or to which it has not specifically responded above. Additional facts may become known during the course this lawsuit that will support additional affirmative defenses currently unknown to TKE. Furthermore, TKE reserves the right to amend or supplement this Answer at any time up to, and including, trial.

WHEREFORE, having fully responded to the Complaint filed herein against it, TKE prays that this matter be dismissed, and that it be awarded costs expended on its behalf in the defense of this matter.

TKE demands a jury on all issues herein.

TK ELEVATOR CORPORATION,
By Counsel

 /s/ Michael J. Garnier
Michael J. Garnier (D.C. Bar No. 432819)
Garnier & Garnier, P.C.
459 Herndon Parkway, Suite 21
Herndon, VA  20170
(703) 237-2010 / fax (703) 390-9323
mjgarnier@garnierlaw.com
*Counsel for Defendant TK Elevator Corporation*

CERTIFICATE OF SERVICE

I certify that on June 19, 2025, the foregoing Answer of Defendant TK Elevator Corporation was or will be electronically filed and served through eFileDC on:

Frederick J. Brynn, Esq. (#433863)
922 Pennsylvania Ave., S.E.
Washington, DC 20003
(202) 544-7200
Fred.brynn@brynnlaw.com
*Counsel for Plaintiff*

                                      /s/ Michael J. Garnier
                                      Michael J. Garnier (D.C. Bar # 432819)
                                      Garnier & Garnier, P.C.
                                      459 Herndon Parkway, Suite 21
                                      Herndon, VA  20170
                                      (703) 237-2010 / Fax (703) 390-9323
                                      mjgarnier@garnierlaw.com
                                      *Counsel for Defendant TK Elevator Corporation*